KM

WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Robert Beede, | No.   CV 21-02087-PHX-JAT (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Wexford Health Services, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's April 13, 2022 Motion for Appointment of Counsel (Doc. 17) and May 18, 2022 Third Amended Complaint (Doc. 19).  The Court will deny the Motion for Appointment of Counsel and order Defendants to answer the Third Amended Complaint.

## I.   Procedural History

On December 8, 2021, Plaintiff Jonathan Beede, who is confined in the Red Rock Correctional Center, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis.  On December 29, 2021, Plaintiff filed a First Amended Complaint.

In a January 4, 2022 Order, the Court denied the Application to Proceed with leave to refile.  After multiple mail-related delays, Plaintiff filed a February 8, 2022 Application to Proceed In Forma Pauperis and Second Amended Complaint.  On March 7, 2022, the Court dismissed the Second Amended Complaint with leave to amend.  Plaintiff then filed the April 13, 2022 Motion for Appointment of Counsel and, after receiving an extension

1    of time, the May 18, 2022 Third Amended Complaint.

2    **II.    Statutory Screening of Prisoner Complaints**

3           The Court is required to screen complaints brought by prisoners seeking relief

4    against a governmental entity or an officer or an employee of a governmental entity.  28

5    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

6    has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

7    relief may be granted, or that seek monetary relief from a defendant who is immune from

8    such relief.  28 U.S.C. § 1915A(b)(1)–(2).

9           A pleading must contain a "short and plain statement of the claim *showing* that the

10   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

11   not demand detailed factual allegations, "it demands more than an unadorned, the-

12   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

13   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

14   conclusory statements, do not suffice."  *Id.*

15          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

16   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

17   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

18   that allows the court to draw the reasonable inference that the defendant is liable for the

19   misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for

20   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

21   experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual

22   allegations may be consistent with a constitutional claim, a court must assess whether there

23   are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

24          But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

25   must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342

26   (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent

27   standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551

28   U.S. 89, 94 (2007) (per curiam)).

**TERMPSREF**

**III.     Third Amended Complaint**

Plaintiff names the following Defendants in his two-count Third Amended Complaint: Wexford Health Services, Nurse Kelly, Pinal County, and Officer Valdez. Plaintiff seeks money damages.

In Count One, Plaintiff alleges violations of his Fourteenth Amendment right to medical care.  Plaintiff claims that on March 21, 2021, he was booked into the Pinal County Jail.  During intake, he informed medical staff that he had a painful puss-filled lump on his penis.  Plaintiff alleges medical staff refused to do anything about it and that, "per policy they [didn't] have to treat [him] because [he was] in intake."  The lump ruptured and Plaintiff began to experience chills, cold sweats, swelling, and difficulty urinating. Plaintiff claims he informed numerous medical staff, but they continued to refuse to do anything.  After leaving intake, Plaintiff submitted numerous medical requests, was seen by a doctor, and was then sent to the hospital for emergency surgery.  The surgeon told Plaintiff "he couldn't believe they let it get so bad and that surgery wouldn't have been necessary if they had treated it when it was just a lump."  After returning to the jail, Plaintiff received wound care for 30 days and was given ibuprofen for two weeks.  Plaintiff was denied any further pain relief even though he constantly complained of pain.  Plaintiff claims he continues to experience problems, including pain.

Plaintiff alleges Defendant Wexford Health Services "has the policy, custom or accepted practice of not treating intake inmates' medical issues" and of "not prescribing adequate pain medication."

Plaintiff asserts Defendant Kelly was "shown [Plaintiff's] injury before it ruptured and after it ruptured, but she refused to treat [him]."  Plaintiff contends she was aware of his injury and aware of his pain, "but made the conscious decision not to treat the injury or the pain [Plaintiff] was in," resulting in Plaintiff's suffering.

In Count Two, Plaintiff alleges Defendant Valdez retaliated against him, in violation of the First Amendment.  According to Plaintiff, all requests for legal forms or assistance go through Defendant Valdez.  Plaintiff submitted numerous requests to Defendant Valdez

**TERMPSREF**

for § 1983 civil rights complaint forms, but Valdez told him she "would not help [Plaintiff] sue them and accused [Plaintiff] of lying and trying to pull a scam." When Plaintiff asked for grievance forms, Valdez told him "no one would give [him] one because [he] was trying to sue them and that while she worked there, if [Plaintiff] somehow managed to submit a grievance or had any forms sent in, she would make sure [he] went to confinement for the rest of [his] stay." If Plaintiff asked other officers for forms, they were told not to give them to him. Plaintiff also claims his incoming legal mail was intercepted and kept from him in retaliation for his efforts to file a lawsuit, and that this continued for more than eight months. Plaintiff alleges Defendant Valdez's action did not serve a legitimate penological purpose and chilled Plaintiff's exercise of his First Amendment rights.

Finally, Plaintiff contends Defendant Pinal County "has the policy, custom or accepted practice of allowing their officers at the Pinal County Jail to conduct retaliation and take adverse actions that serve no penological interest."

Liberally construed, these allegations adequately state a claim and the Court will require Defendants to answer the Third Amended Complaint.

**IV.   Motion for Appointment of Counsel**

Plaintiff seeks appointment of counsel in this case because he is unable to afford counsel, the issues are complex, he has limited knowledge of the law, and counsel would more effectively cross examine witnesses and present evidence.

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.*

(quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Plaintiff is in no different position than many pro se prisoner litigants. Thus, the Court will deny without prejudice Plaintiff's Motion for Appointment of Counsel.

**V.     Warnings**

   **A.     Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

   **B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

   **D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

TERMPSREF

- 5 -

**IT IS ORDERED:**

(1)     Plaintiff's Motion for Appointment of Counsel (Doc. 17) is **denied**.

(2)     The Clerk of Court must send Plaintiff a service packet including the Third Amended Complaint (Doc. 19), this Order, and both summons and request for waiver forms for Defendants Wexford, Kelly, Pinal County, and Valdez.

(3)     Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(4)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Third Amended Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(5)     The United States Marshal must retain the Summons, a copy of the Third Amended Complaint, and a copy of this Order for future use.

(6)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure and Rule 4(j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.

(7)     A Defendant who agrees to waive service of the Summons and Third Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(8)     The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned

by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)      personally serve copies of the Summons, Third Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) and/or Rule 4(j)(2) of the Federal Rules of Civil Procedure; and

(b)      within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Third Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9)      Defendants must answer the Third Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10)      Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11)      This matter is referred to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

Dated this 11th day of July, 2022.

James A. Teilborg
Senior United States District Judge

TERMPSREF

- 7 -