SM

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Robert Beede,<br><br>Plaintiff,<br><br>v.<br><br>Pinal County Sheriff Facility, et al.,<br><br>Defendants. | No.  CV 21-02087-PHX-JAT (JZB)<br><br>**ORDER** |

Plaintiff Jonathan Robert Beede, who is currently confined in Arizona State Prison Complex (ASPC)-Yuma, La Paz Unit, brought this civil rights case pursuant to 42 U.S.C. § 1983. (Doc. 19.) On screening Plaintiff's Third Amended Complaint (Doc. 19) pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a Fourteenth Amendment medical care claim in Count One against Defendants Wexford and Kelly and a First Amendment retaliation claim in Count Two against Defendants Pinal County and Valdez and directed them to answer.  (Doc. 20.)

On September 26, 2022, the United States Marshal Service concurrently filed three proofs of service, stating that service had been executed on Defendants Pinal County (Doc. 21), Wexford (Doc. 22), and Valdez (Doc. 23).  Service was returned unexecuted as to Defendant Kelly. (Doc. 24.)  In the remarks section of the returned notice, the Marshal noted that "[t]here is not a Nurse Kelly that works for Wexford Health Services per Amy Galpin – Wexford Health Services assistant." (*Id.*)

In a November 15, 2022 Order, the Court directed Defendant Wexford to provide the name and current working address of the intake nurse who worked on March 31, 2021 during Plaintiff's intake into the Pinal County jail. (Doc. 37 at 3.)  The Court gave Plaintiff leave to file a motion to substitute the proper defendant. (*Id.*)

On December 14, 2022, in response to the Court's Order, Defendant Wexford indicated that it had disclosed the name of the intake nurse, Dawn Tuttle, to Plaintiff in its Initial Disclosure Statement dated November 11, 2022 (Doc. 36). (Doc. 42.) Defendant Wexford attached a Waiver of Service on behalf of Nurse Tuttle. (Doc. 42 at 4.)

On May 22, 2023, the Court ordered Plaintiff to show cause why Defendant Kelly should not be dismissed from the action for failure to timely serve and why his claim in Count One against the intake nurse should not be dismissed for failure to substitute the proper defendant. (Doc. 70.)

Pending before the Court are Plaintiff's Motion to Appoint Counsel (Doc. 77) and Motion for a New Deadline to Substitute the Correct Defendant (Doc. 83.)

**I.      Motion to Appoint Counsel**

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings in forma pauperis, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff states that he "is unable to afford counsel" and that his "imprisonment will greatly limit his ability to litigate." (Doc. 77 at 1.) Plaintiff asserts that "[t]he issues involved in this case are complex and will require significant research and investigation.

1  Plaintiff has limited access to the law library and limited knowledge of the law." (*Id.*)
2  Plaintiff is in no different position than many pro se prisoner litigants. Moreover, at this
3  time, the Court has no reason to conclude that Plaintiff's claims are legally complex or that
4  Plaintiff will have difficulty articulating the factual bases of his claims. Having considered
5  both elements, it does not appear at this time that exceptional circumstances are present
6  that would require the appointment of counsel in this case. Thus, the Court will deny
7  without prejudice Plaintiff's Motion for Appointment of Counsel.

## II.     Motion for New Deadline

Plaintiff's Motion for New Deadline appears to be a response to the Court's May 22, 2023 Order to Show Cause. Plaintiff asks the Court "for a new deadline to substitute the correct Defendant from Nurse Kelly to Nurse Dawn Tuttle." (Doc. 83 at 1.) The Court will construe Plaintiff's Motion for New Deadline as a Motion to Substitute, grant the Motion, and substitute Defendant Kelly for Nurse Tuttle. As mentioned, Defendant Wexford submitted a Waiver of Service for Nurse Tuttle (Doc. 42 at 4), so the Court will direct her to answer the Third Amended Complaint.

**IT IS ORDERED:**

(1) Plaintiff's Motion to Appoint Counsel (Doc. 77) is **denied without prejudice**.

(2) Plaintiff's Motion for New Deadline (Doc. 83), which the Court construes as a Motion to Substitute, is **granted**.

(3) The Court's May 22, 2023 Order to Show Cause (Doc. 70) is **discharged**.

(4) Nurse Dawn Tuttle is **substituted for** Defendant Kelly, and Defendant Kelly is **dismissed** from the action.

. . .

. . .

. . .

. . .

. . .

(5)     Defendant Tuttle must answer the Third Amended Complaint **within fourteen (14) days** of the date this Order is issued.

Dated this 11th day of July, 2023.

James A. Teilborg
Senior United States District Judge