SM

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Robert Beede,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Pinal County Sheriff Facility, et al.,<br><br>　　　　Defendants. | No.  CV 21-02087-PHX-JAT (JZB)<br><br>**ORDER** |

Plaintiff Jonathan Robert Beede, who is currently confined in Arizona State Prison Complex (ASPC)-Yuma, La Paz Unit, brought this civil rights case pursuant to 42 U.S.C. § 1983.  On screening Plaintiff's Third Amended Complaint (Doc. 19) pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated a Fourteenth Amendment medical care claim in Count One against Defendants Wexford and Kelly and a First Amendment retaliation claim in Count Two against Defendants Pinal County and Valdez and directed them to answer.  (Doc. 20.)  The Court subsequently granted Plaintiff's request to substitute Nurse Dawn Tuttle for Defendant Kelly and directed Defendant Tuttle to respond to the Third Amended Complaint.  (Docs. 83, 84.)

On October 10, 2022, the Court issued a scheduling Order setting a discovery deadline of March 10, 2023.  (Doc. 28.)  Thereafter, the Court granted Defendant Wexford's Motion (Doc. 47) to extend the discovery deadlines and set a new discovery deadline of May 12, 2023 (Doc. 48).  On April 17, 2023, the Court stayed (Doc. 67) all discovery deadlines in this matter pending resolution of Defendants' Motion for Summary

Judgment (Doc. 60) for failure to exhaust; after the Court denied the summary judgment motion (Doc. 70), the stay was lifted (Doc. 71), and the Court set a new discovery deadline of August 25, 2023 (Doc. 73).

On August 25, 2023, Defendants Pinal County and Valdez filed a Motion to Compel seeking an Order compelling Plaintiff to respond to Defendant Valdez's Second Set of Requests for Production and Interrogatories. On September 20, 2023, the Court granted Defendants' Motion and ordered Plaintiff to "respond to Defendants' outstanding discovery requests within fourteen days from the date of this Order." (Doc. 95.) Pursuant to the Court's Order, Plaintiff's Responses were due by October 4, 2023. (*Id.*) To date, Plaintiff has not responded to the discovery requests.

Defendants Pinal County and Valdez assert that they also propounded their Second Set of Requests for Admission on August 25, 2023, and to date, Plaintiff has not responded to those requests, which means they are now admitted. (Doc. 96 at 2.) *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").

Defendants Pinal County and Valdez now move to dismiss Plaintiff's claims against them pursuant to Federal Rules of Civil Procedure 41(b) and 37(d) based on Plaintiff's failure to participate in discovery and prosecute those claims. (*Id.*) On November 9, 2023, the Court issued an Order notifying Plaintiff of Defendants' Motion to Dismiss and informing him that if the motion is granted, it will end his case. (Doc. 100). This Order directed Plaintiff to file a response by November 27, 2023, and informed him that a failure to respond could be treated as a consent to the granting of the motion. (*Id.* at 2). To date, Plaintiff has not responded to the Motion to Dismiss.

Rule 37 allows a district court broad discretion in imposing sanctions for discovery violations, including dismissal. Fed. R. Civ. P. 37(b)(2)(A). A plaintiff has an overall duty to prosecute his case, and "a plaintiff's failure to participate in discovery may [ ] be deemed a failure to prosecute." *See Briley v. Valley Medtrans Inc.*, No. CV-16-00941-PHX-ESW,

2018 WL 826548, at *1 (D. Ariz. Feb. 12, 2018) (citing *Fidelity Phila. Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978)). Separately, Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

In determining whether a plaintiff's failure to prosecute warrants dismissal, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Based on the above, the first two factors bearing on dismissal favor dismissal of this action. This case is nearly three years old, and the parties are still arguing over discovery issues. Plaintiff has not filed anything in this case in nearly five months. The delays in this case are unreasonable and have caused a substantial interference with the Court's docket. Plaintiff's failure to comply with Court Orders and deadlines, and his failure to meaningfully participate in the discovery process, effectively prevents the case from proceeding in the foreseeable future. Neither the public's interest in expeditious resolution of litigation nor the Court's need to manage its docket are served by allowing this action to continue.

As to the third factor, dismissal of the action for failure to prosecute rather than on the merits will not prejudice Defendants. Indeed, prejudice to the defendant is presumed from unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir.1994) (internal citation omitted) ("The law presumes injury from unreasonable delay.") Plaintiff's refusal to respond to discovery requests has prevented Defendants from accessing material, discoverable evidence, which prevents a decision on the merits if this case proceeds to trial.

The fourth factor favoring adjudication on the merits weighs against dismissal. *See Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990) ("The first two . . . factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or

dismissal sanction."). Nonetheless, Plaintiff's failure to participate in discovery makes resolution of his claims against Defendants Pinal County and Valdez on the merits unlikely even if this action were to proceed, particularly where Defendants' requests for admissions, now deemed admitted, establish that Plaintiff will more than likely not be able to meet his burden of proof in the underlying claims alleged against Defendants Pinal County and Valdez.

The fifth and final factor requires the Court to consider whether a less drastic alternative than dismissal is available. Realistically, the only less drastic option remaining is dismissal without prejudice. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." The Court will therefore grant Defendants Pinal County and Valdez's Motion to Dismiss to the extent that it will dismiss Plaintiff's claims against them without prejudice for failure to prosecute pursuant to Rule 41(b).

**IT IS ORDERED** that the reference to the Magistrate Judge is withdrawn as to Defendants Pinal County and Valdez's Motion to Dismiss (Doc. 96), and the Motion is **granted**. Defendants Pinal County and Valdez, and the claims against them, are **dismissed without prejudice**. The only claim remaining is Plaintiff's Fourteenth Amendment medical care claim in Count One against Defendants Wexford and Tuttle.

Dated this 6th day of December, 2023.

James A. Teilborg
Senior United States District Judge